<span style="color:red; font-size:2em"><strong>SEALED</strong></span><br><span style="color:red"><strong>BY ORDER OF THE COURT</strong></span>

**WARNING:**   **THIS IS A SEALED DOCUMENT CONTAINING NON-PUBLIC INFORMATION**

CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

MICHAEL F. ALBANESE #9421
Assistant U.S. Attorney
Room 6-100, Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Michael.albanese@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
Mar 01, 2022, 11:37 am
Michelle Rynne, Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | MAG. NO. 22-00250 WRP |
| ) | |
| Plaintiff, ) | CRIMINAL COMPLAINT; |
| ) | AFFIDAVIT IN SUPPORT OF |
| v. ) | CRIMINAL COMPLAINT |
| ) | |
| ROBERT MEACHAM, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## CRIMINAL COMPLAINT

I, the undersigned complainant, being duly sworn, state the following is true

and correct to the best of my knowledge and belief.

COUNT 1
Distribution of Methamphetamine
(21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A))

On or about August 4, 2021, within the District of Hawaii, ROBERT

MEACHAM, the defendant, did knowingly and intentionally distribute 50 grams

or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule

II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and

841(b)(1)(A).

COUNT 2
Distribution of Methamphetamine
(21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A))

On or about September 23, 2021, within the District of Hawaii, ROBERT

MEACHAM, the defendant, did knowingly and intentionally distribute 50 grams

or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule

II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and

841(b)(1)(A).

COUNT 3
Distribution of Methamphetamine
(21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A))

On or about November 2, 2021, within the District of Hawaii, ROBERT

MEACHAM, the defendant, did knowingly and intentionally distribute 50 grams

2

or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

I further state that I am a Task Force Officer with the Federal Bureau of Investigation, and that this Complaint is based upon the facts set forth in the attached "Affidavit in Support of Criminal Complaint", which is incorporated herein by reference.

DATED:  March ___, 2022, Honolulu, Hawaii.


GREGORY PEREZ
Task Force Officer
Federal Bureau of Investigation


Sworn to before me and subscribed in my presence this **1st** day of March, 2022, at Honolulu, Hawaii  at 11:28 a.m.



Kenneth J. Mansfield
United States Magistrate Judge

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

GREGORY PEREZ, after being duly sworn, deposes and states as follows:

1. I have been a Police Officer with the Honolulu Police Department ("HPD") since 2008.  Beginning in January 2016, I have been assigned as a Task Force Officer with the Federal Bureau of Investigation ("FBI").  I am currently assigned to the Hawaii High Intensity Drug Trafficking Area ("HIDTA") Task Force comprised of FBI Agents, Drug Enforcement Administration Agents, and HPD personnel.  Our principal responsibility is to investigate narcotics trafficking in Hawaii.  I have participated in investigations of offenses enumerated in Title 18, United States Code, Section 2516, including (a) the importation, distribution and possession with intent to distribute controlled substances, and the use of wire facilities to facilitate the same; (b) conspiracies to do the foregoing; and (c) aiding and abetting these offenses, all in violation of Title 21, United States Code, Sections 841, 843, and 846.  Through my training and experience, as well as the experience and knowledge of fellow law enforcement officers, I have become familiar with (a) the manner in which illegal drugs are imported and distributed; (b) the method of payment for such drugs; and (c) the efforts of persons involved in such activity to avoid detection by law enforcement.

2. The information contained in this affidavit is based on my personal knowledge and my training and experience, information obtained from other law

enforcement personnel, my review of reports documenting investigative activity

conducted by others during the course of this investigation, and witnesses.  This

affidavit is intended merely to show that there is probable cause for the requested

arrest warrant and does not set forth all of my knowledge about this matter.

3.      Based on the facts as set forth in this affidavit, and my training and

experience, there is probable cause to believe that Robert Meacham

("MEACHAM"), the defendant, committed violations of Title 21, United States

Code, Sections 841(a)(1) and 841(b)(1)(A).

## PROBABLE CAUSE

**A.      The August 4, 2021 Buy**

4.      On August 4, 2021, a controlled buy/walk operation was conducted in

which an undercover FBI officer (the "UC") contacted MEACHAM by telephone

and agreed to purchase one pound of methamphetamine from MEACHAM for

$7200 in the parking lot area of the Home Depot located at 4600 Kapolei Parkway

Kapolei, HI. 96707.  Prior to the deal, MEACHAM was observed by surveillance

units leaving his residence in a black Toyota Tacoma.  Surveillance units followed

MEACHAM to the parking lot area of the Home Depot.  MEACHAM was then

observed parking his vehicle in a parking stall next to the UC's vehicle ("UCV")

and did not get out of his vehicle. The UC walked over to MEACHAM'S vehicles

passenger side window which was down and open. During the meeting the UC

2

gave the $7200 to MEACHAM and MEACHAM gave a bag containing a white crystalline substance resembling that of Methamphetamine to the UC.

5.      After the deal with MEACHAM, the UC returned to the UCV and left the area.  The UC provided these substances to other investigators and subsequent laboratory testing showed that the substances contained 477.7 grams of methamphetamine and that the purity was at 95 percent for methamphetamine.

**B.      The September 23, 2021 Buy**

6.      On September 23, 2021, a controlled buy/walk operation was conducted in which the UC contacted MEACHAM via telephone and agreed to the purchase of one pound of methamphetamine from MEACHAM for $6500 in the parking lot area of the Sack N' Save located at 87-2070 Farrington Highway Nanakuli, HI. 96792.

7.      On that date, MEACHAM was observed by surveillance units leaving his residence in a black Toyota Tacoma.  Surveillance units followed MEACHAM to the parking lot area of the Sack N' Save and parked in a stall. The UC walked over to the driver's side of MEACHAM'S truck, but MEACHAM instructed the UC to walk over to the passenger side.  The UC handed $6500 to MEACHAM through the passenger side, and MEACHAM gave the UC a bag containing a white crystalline substance resembling methamphetamine.

8.      The UC later provided these substances to other investigators. Subsequent laboratory reports revealed a total weight of 461.9 grams, and positive for methamphetamine with a 95 percent purity.

**C.      The November 2, 2021 Buy**

9.      On November 2, 2021, a controlled buy/walk operation was conducted in which the UC agreed to purchase five ounces of methamphetamine from MEACHAM for $2000 in the shoreline area known as Ohiki-Lolo beach which is located along Farrington Highway, Waianae, HI. 96792. MEACHAM instructed the UC via the cellphone to meet him at that location.

10.      Surveillance units observed MEACHAM's black Toyota Tacoma parked on Farrington Highway near Ohiki-Lolo beach. The UC drove to the meet location and parked the UCV behind MEACHAM's vehicle. After a couple of minutes, MEACHAM was observed by surveillance units walking to his vehicle.

11.      The UC observed MEACHAM open the passenger door of his vehicle and open a large plastic bag containing a white crystalline substance resembling that of methamphetamine. The plastic bag appeared to contain more than one pound of the crystalline substance. The UC then observed MEACHAM scooping the crystalline substances and placing them into three separate clear zip type bags. The UC exchanged the $2000 for the three zip type bags containing the abovementioned substances. The UC then got into the UCV and left the area.

12.     The UC later provided the crystalline substances purchased from MEACHAM to other investigators. Subsequent laboratory reports revealed a total weight of 139.2 grams, and positive for methamphetamine with a 97 percent purity.

## **CONCLUSION**

13.     Based on the foregoing facts, I respectfully submit that probable cause exists to believe that ROBERT MEACHAM, the defendant, committed the aforementioned offenses.

Respectfully submitted,

GREGORY PEREZ
Task Force Officer
Federal Bureau of Investigation

This Criminal Complaint and Affidavit in support thereof were presented to, approved by, and probable to believe that the defendant above-named committed the charged crime found to exist by the undersigned Judicial Officer on March **1** , 2022.

Subscribed and sworn to before me, this **1st** day of March , 2022.

Kenneth J. Mansfield
United States Magistrate Judge

5